UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00006-SEB-VTW |
| | ) | |
| DEJUAN ANDRE WORTHEN, | ) | -02 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS COUNT THREE**

Defendant DeJuan Andre Worthen, represented by counsel, moves pursuant to Federal Rule of Civil Procedure 12(b)(3)(B)(v) for dismissal of Count Three of the Indictment for failure to state an offense. For the reasons detailed below, Defendant's Motion to Dismiss is DENIED.

**Background**

On March 11, 2015, a grand jury returned a four-count indictment charging Mr. Worthen and two co-defendants with various crimes in relation to the robbery and shooting death of an Indiana gun shop owner. As relevant to this motion, Mr. Worthen was charged in Count One with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, in Count Two with Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a), and in Count Three with using or carrying a firearm during and in relation to a crime of violence, "as charged in Counts One and Two," in violation of 18 U.S.C. §§ 924(j) and 2. This matter is set for jury trial on October 19, 2020.

1

Now before the Court is Mr. Worthen's Motion to Dismiss Count Three, filed on April 27, 2020.

## **Discussion**

The instant motion is premised on Mr. Worthen's claim that neither Hobbs Act robbery nor Hobbs Act conspiracy qualifies as a crime of violence predicate for Count Three, and therefore, that Count Three must be dismissed.  However, as Mr. Worthen concedes, the Seventh Circuit has held that Hobbs Act robbery, as charged in Count One, satisfies the elements clause of 18 U.S.C. § 924(c) (and therefore also 18 U.S.C. § 924(j)).[1]  *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) ("We reaffirm today that Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A).") (collecting authority); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 126 ("The Hobbs Act defines robbery, in relevant part, as the taking of personal property 'by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.' … Committing such an act necessarily requires using or threatening force.") (quoting 18 U.S.C. § 1951(b)(1)).  Mr. Worthen's argument that the Hobbs Act robbery charged in Count One categorically fails to qualify as a crime of violence is thus misplaced and unsupported by the case law in this Circuit.

With regard to Hobbs Act conspiracy, as charged in Count Two, Mr. Worthen is correct, as the Government acknowledges, that developments in the law since he was charged have led numerous courts, including ours, "to explicitly reject[] the argument

---

[1] Section 924(j) sets forth penalties for "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm."

that Hobbs Act conspiracy satisfies [§ 924(c)'s] force clause's definition of a crime of violence." *Velleff v. United States*, 307 F. Supp. 3d 891, 895 (N.D. Ill. 2018) (collecting authority); *see also Horne v. United States*, No. 1:16-cv-01629-TWP-DML, 2018 WL 1378976, at *3 (S.D. Ind. Mar. 19, 2018) ("Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause and cannot therefore constitute a crime of violence under § 924(c)(3)(A)."). However, these developments do not require the dismissal of Count Three because, while Count Two no longer serves as a crime of violence predicate for a charge under 18 U.S.C. § 924(c) (or § 924(j)), under current Seventh Circuit law, Hobbs Act robbery, as charged in Count One, does. As the Government argues, assuming this case proceeds to trial, the parties can address the status of Count Two as an appropriate predicate for Count Three by means of motions in limine and jury instructions. Dismissal is therefore not warranted.

In sum, because Count One can serve as a crime of violence predicate for Count Three, Defendant's Motion to Dismiss Count Three [Dkt. 202] is <u>DENIED</u>. This matter will proceed accordingly.

IT IS SO ORDERED.

Date: _____7/13/2020_____   _____
                                SARAH EVANS BARKER, JUDGE
                                United States District Court
                                Southern District of Indiana

Distribution:

Jennifer H. Culotta
CULOTTA & CULOTTA LLP
jennifer@culottalaw.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov